# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

ARNOLDUS JEROEN REEKERS

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-30213

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is charged in a federal criminal complaint with being a previously excluded alien who on April 20, 2011 attempted to re-enter the USA from Canada without express permission of the Attorney General. He is also charged with making false, fictitious and fraudulent statements to the Customs and Border Protection Officer at or around the time of his arrest.

(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 25, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V ARNOLUS JEROEN REEKERS; 11-30213                                    PAGE 2

Defendant applied for admission to the United States on August 2, 1993 and misrepresented his criminal history to the United States Immigration Inspectors for the purpose of fraudulently obtaining admission to the United States. He was placed into exclusion proceedings on August 2, 1993 and was found excludible from the United States and was thereafter excluded from the United States while an order of exclusion was outstanding. Consequently, Defendant was perpetually barred from entering or re-entering the United States without the express consent of the US Attorney General or the Secretary of Homeland Security.

On April 20, 2011 Defendant attempted to apply for admission to the United States at the Detroit Ambassador Bridge. During his interview, he made false answers to questions about his past criminal arrest and conviction history, stating that he had only one "DUI" on his record. He was referred to secondary inspection, where system checks revealed the following numerous Canadian convictions for Defendant:

| Date | Conviction |
|---|---|
| 10/14/76: | Arson (2 charges) |
| 02/08/83: | Rape (2 charges) |
| 01/22/92: | Possession of Property Obtained by a Crime (2 charges) |
| 11/18/96: | Sexual Assault (of a 10 year old child) |
| 08/26/05: | Breaking and Entering and Theft over $5000 |
| 10/20/09: | Breaking and Entering with Intent |

Defendant stated that he misrepresented his criminal history for the purpose of entering the United States so that he and his girlfriend could take a flight out of Detroit Metro to Acapulco for a vacation. He stated that he knew that his criminal history precluded him from entering the United States. He claimed not to be aware that he was excluded from the United States in 1994.

It is uncontested that Defendant has no community ties, no family and no contacts in this district.

The NCIC/LEIN inquiry reveals more than 14 arrests and other contacts with the law, including the above referenced convictions, involving assaults, driving while impaired, violation of his supervision, arson, violation of bond, theft, a mandate prohibiting him from being in the presence of children under the age of 14, prohibitions against possessing or using firearms, explosives, or ammunition, driving with no valid license, failing to comply with an order of probation following an assault conviction (domestic violence), the above referenced immigration violation resulting in exclusion from the United States, etc.

Defendant knowingly and deliberately scheduled a flight out of Detroit Metropolitan Airport when he knew that it was illegal for him to enter this country from Canada. This decision alone signals to this Court that his judgment is highly questionable, and cannot be relied upon.

In addition, Defendant is a Canadian Citizen who has been **twice** deported from this Country, so he is unfazed by any notion of deterrence.

USA V ARNOLUS JEROEN REEKERS; 11-30213                           PAGE 3

His prior criminal history, including sexual assaults against a child and domestic violence towards his adult companion render him a danger to the community. He has a history of continuing criminal activity while under supervision.

Defendant is deemed a danger to the community by clear and convincing evidence, and he is also deemed a flight risk, by a preponderance of the evidence. There is no condition or combination of conditions that would reasonably assure his appearance at trial or the safety of the community. Therefore Detention is Ordered.

2:11-cr-20267-DML-LJM Doc # 6 Filed 04/25/11 Pg 3 of 3 Pg ID 14